# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CR-0080-CVE |
| | ) | |
| BRANDON WAYNE BRIGGS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Continue Trial (Dkt. # 15). Plaintiff states that the pending indictment contains an incorrect description of the firearm and ammunition seized from defendant. Dkt. # 15, at 1-2. Government counsel therefore intends to present a superseding indictment to the grand jury in August 2011 to correct the errors in the pending indictment. Id. at 2. Additionally, one of the government's necessary witnesses will be out of the country on vacation from approximately August 8-16, 2011. Id. For those reasons, plaintiff asks for a continuance of the trial for one week. Defendant does not oppose this motion.

Plaintiff's request for a continuance falls under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. Section 3161(h)(7)(A) of the Act permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. at § 3161(h)(7)(A). The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the

defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which a ends of justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed plaintiff's motion for an ends of justice continuance and, for the reasons stated in the motion, finds that it should be granted. The failure to grant a continuance would deny the attorney for the government the reasonable time necessary for effective preparation. The Court finds that the public's interest in a speedy trial is outweighed by the need to allow the government time to file a corrected superseding indictment, and to ensure that all necessary witnesses are available for trial.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Continue Trial (Dkt. # 15) is **granted** in part and **denied** in part: it is granted as to the requested continuance, but denied as to the limitation of that continuance to one week. The jury trial set for August 15, 2011 is **stricken**. **The jury trial is specially set for Tuesday, September 6, 2011 at 9:15 a.m.**

**IT IS FURTHER ORDERED** that the time between August 15, 2011 and September 6, 2011 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 2nd day of August, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT